EbeemaN, J.,
delivered the opinion of the Court.
This was an action of ejectment to recover a lot of ground in the City of Memphis. The facts are as follows: Devereux G. Johnson died in the City of Memphis prior to 1857 — leaving his widow and four sons. The widow had no dower assigned her, but lived in the mansion house on the lot in suit. She joined with the two oldest sons, who were of age, in a sale and conveyance of a part of the. lot in controversy to W. B. Britt, ancestor of the present defendants. The lot was on Exchange Street, having a front of 75 and a depth of 148| feet. The deed is made for the consideration of $1000, and recites that the' parties “ have bargained, sold, aliened, and conveyed, etc., to W. B. Britt, his heirs, and assigns forever,” 28 feet 4 inches front, and 148 feet deep, of a certain lot of ground in the City of Memphis, etc., “ being an undivided interest of so much in a. certain lot of ground bought by D. G. Johnson, deceased, of Thos, Eeid,” •describing the original lot. The deed then proceeds: “ the said portion of said lot hereby conveyed being so much of our undivided interest in said lot, which we, with Thomas D. Johnson and Charles H. Johnson,” (the two minor brothers), “hold as tenants in common, and heirs of I). G. Johnson, deceased; to have and to hold said portion of said lot of ground to the said Britt, his heirs and assigns, forever.” It is evident that the intention of this deed was to convey to Britt the 28 feet 4 inches, as the undivided share of the two brothers conveying: being, as the deed recites, *758 “an undivided interest of so much in a certain lot of ground, etc., etc.” In other words, the intention was,, tó' convey an undivided 28 feet to be held in com-ihon with the two minor brothers, which might, by petition, be ascertained and set apart to the purchaser,, Britt.
Afterwards, in 1859, a petition for the partition of this lot, was filed by the widow', the two sons, and’ Britt, in the Common Law Court of Memphis, making the minors parties, and alleging that the two sons, ahd the widow had sold to Britt, in payment of repairs made on the lot, an undivided interest of 28. feet 4 inches, and for so much of said ground, had executed the deed above recited; that they are desirous that the interest, of Britt shall be allotted to him in severalty, leaving the other shares in common ;, ahd praying that on the hearing of the cause, the said interest be partitioned off and sét apart to him,, from the Western side of said lot: This proceeding is regular and no objection is taken to it. The Court: made a decree appointing commissioners, reciting the above facts, as to the title, and that' the two sons and widow had “conveyed to Britt an interest of 28-feet 4 inches front on Exchange Street, running back the depth of the lot, being an undivided interest' in so much of said lot.” The Court then proceeds to direct the commissioners to set apart' so much of said lot as is specified in the deed. In pursuance of the-decree, the commissioners report, that they had assigned to‘ Britt, on the East side of the lot, 28 feet 4 inches front, running back 148 feet 6 in dies, which *759 report being unexcepted to was confirmed; and it was, thereupon decreed that- all the right, title, and interest, of the widow and the two sons, Thaddeus B. Johnson and Madison J. Johnson, in that part of said lot described in the report, as allotted to Britt, be divested, and vested in the said Britt, his heirs and. assigns forever-This-, was done in December, I860; and Britt took possession of the ground thus allotted him, and ¡has since held it.
The Court charged the jury that the, deed of th,e-two, older, sons was effectual to pass to Britt, an in-; terest in the land described in- it, equal to the interest conveyed; if the grantors, at the time, hadi such an. interest.; that is, if the two older sons had an. interest of. 28 feet 4- inches in. the lot at the date of. the deed, then Britt had so much conveyed to him by, said deed. This was. correct. The Court then proceeded in a summary way to dispose, of the case, on. vsrhat ground we are unable to see, by telling the jury: “If you find, that, the defendants were in adverse possession of, the property at the time of the, commencement of the suit, you will find for the-plaintiffs.” This was conclusive of the case against the defendants, as Britt had been in. possession from, the time of the partition, in 1860, and claiming the land as his own by virtue, of the decree then ren.dered. The defendants, requested the Court to charge, the jury, that the proceedings in the partition case, vested, the title to the land, described, in Britt, against, all. the parties to the proceeding, including, the twq. plaintiffs, who were the minors. This the Court re *760 fused. The report of the commissioners is unexcepted to, and was confirmed by the Court. In the decree, a formal divestiture of title is only made as to the two older sons and the widow: there is no divestiture as to the plaintiffs, who were, however, regular parties to the suit. The question is, Was this necessary in a case of partition? We think it 'would be clear that, under the Acts of 1787, ch. 17, and 1789, ch. 24, no formal divestiture of title was necessary; as the return of the commissioners, when certified and enrolled by the Clerk in his office and registered in the Register’s office where the lands lie, is made the evidence of the partition and the claim of the parties in severalty to the land so allotted. Car. & Nich., 514. Such was the construction of these Statutes by this Court in the case of Duncan v. Gibbs, 1 Yerg., 256: and on sound principle, it is the correct view of the question. The parties are in by their original titles, even after partition. It has been held in several cases that in an action of ejectment a decree in a partition case was not conclusive on the parties, upon the principle that the title was not in issue in such proceeding. Whillock v. Hale’s heirs, 10 Hum., 64; 4 Hum., 177. But the Code, Sec. 3284, provides that, upon the coming in of the report, unless set aside for good cause shown upon exception, the Court shall confirm the same, and divest and vest title according to its. terms, etc. This provision, however, we do not think was intended to change the former law on the subject; but was merely directory to the Court, as we have held in an unreported case, *761 the name of which is not now remembered. This being so, the partition made by the commissioners and confirmed by the Court assigned in severalty to Britt the 28 feet 4 inches; and all parties were bound by the partition; and then the title to this 28 feet 4 inches was held in severalty under the deed from the two elder brothers, which conveyed this amount of land to him, if the share amounted to so much. This being so, the Court erred in refusing the instructions asked, and the case must be reversed and remanded on this' ground. We may add, that the instruction ' asked was not strictly accurate in asking the Court to charge that the partition was conclusive of the title; but taken in connection with the general charge of the Court, “that the plaintiffs were entitled to recover,” is a clear ground for reversal. The judgment must be modified on another ground. It gives the plaintiffs possession of one moiety of the whole lot and orders a writ of possession accordingly. The plaintiffs, in any view of the case, are tenants in common with the defendants, and their title should have been so declared in the judgment, and they placed in possession as tenants in common with defendants. Otherwise, the tenant in common recovering in ejectment, will be, by the judgment of the Court, placed in exclusive possession of premises to which, in any aspect of the case, his co-tenants are equally entitled. Eor the holding of' exclusive possession by one tenant in common against his co-tenant this suit is brought, and the plaintiffs ought not, by the judgment of the Court, to be placed in a similar position. This would *762 not . be matter for reversal, however, but could be modified by this. Court in entering its judgment.
The case will be reversed and remanded for a new trial.